IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-446-D

| | |
|---|---|
| SHANTEL WARE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

On October 7, 2011, Shantel Ware ("Ware") sued Michael J. Astrue, Commissioner of Social Security ("Commissioner"), alleging that the Commissioner wrongfully denied Ware's application for Social Security disability insurance benefits and supplemental security income ("benefits") [D.E. 6]. Ware asks the court to reverse the Commissioner's denial of her benefits and remand the case for a new hearing. Id. On March 12, 2012, Ware moved for judgment on the pleadings [D.E. 15] and filed a memorandum in support [D.E. 16]. On July 11, 2012, the Commissioner moved for judgment on the pleadings [D.E. 21] and filed a memorandum in support [D.E. 22]. As explained below, the court grants Ware's motion, denies the Commissioner's motion, and remands the action for further proceedings consistent with this order.

I.

On October 22, 2008, Ware applied for benefits. Tr. 144–61. In her application, Ware stated that her disability began on March 1, 2007. Id. 144, 153. Her claim was denied initially on March 5, 2009, and on reconsideration on July 6, 2009. Id. 88–91. Ware requested a hearing before an Administrative Law Judge ("ALJ"), which took place on April 13, 2010. See id. 56–87.

At the hearing, Ware testified that she stopped working in March 2007 due to depression, and that she was subsequently diagnosed with bipolar disorder and lupus. Id. 61–63. Ware testified

that she could not keep a job because of the combined effects of the bipolar disorder and lupus. See id. She also stated that she suffers daily crying spells, and that her emotional instability would prevent her from maintaining employment. Id. 66–67. A vocational expert testified that, based on hypothetical residual functional capacities ("RFC") posed by the ALJ, Ware would not be able to perform her past work but would be able to work other jobs that were available in the national economy. Id. 82–84.

On April 28, 2010, the ALJ found that Ware was not disabled and denied her application for benefits. Id. 7. Ware timely requested review, which the Appeals Council denied on June 22, 2011. See id. 1–3. Ware timely sought judicial review. See 42 U.S.C. § 405(g).

II.

A district court reviewing the Commissioner's denial of benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See 42 U.S.C. § 405(g); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), abrogated by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003). The court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927(d)(2). To determine whether a decision is supported by substantial evidence, the court must determine whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983).

In the ALJ's written decision, the ALJ followed the prescribed five-step process. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam); Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The ALJ found that Ware (1) had not engaged in substantial gainful activity since March 1, 2007, Tr. 12; (2) suffered from bipolar disorder, depressive disorder, panic disorder, substance abuse disorder, acute cutaneous lupus erythematosus, and obesity, which are severe impairments, id.; (3) did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in" the regulations, id.; (4) had the RFC "to perform medium work" with several restrictions on her duties, id. 14, but that she was unable to perform her past relevant work, id. 17; and (5) could perform various jobs that exist in significant numbers in the national economy. Id. 17–18. Accordingly, the ALJ determined that Ware was not disabled and denied her application. Id. 18–19.

Ware challenges the ALJ's denial of her benefits and makes two arguments. First, Ware argues that the ALJ erroneously failed to assign proper weight to the opinion of her treating physician, Dr. Shabbir Chowdhury. See Pl.'s Mem. Supp. Mot. J. [D.E. 16] 5–9. The ALJ noted Dr. Chowdhury's findings and opinions including (1) diagnosis of bipolar disorder, Tr. 16; (2) claimant's problems with mood swings, irritability, and crying spells, id.; (3) that Ware's impairments would prevent her from working four or more days per month and preclude her from working a normal work schedule of eight hours per day, five days per week, id.; (4) that Ware's prognosis was poor; and (5) that Ware had started responding to medication. Id. After reviewing other evidence of Ware's mental and physical condition, the ALJ concluded that "[b]ecause the claimant is motivated to seek treatment, . . . and responds positively to medication . . . the undersigned grants little weight to the opinion[] of . . . Dr. Chowdhury that the claimant is so severely limited by her mental impairment that she cannot work." Id. 17.

3

A treating source's opinion evidence is generally given more weight than other opinion evidence, and a treating source opinion must be given controlling weight if the ALJ finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996). If the treating source opinion does not merit controlling weight, the ALJ must determine the appropriate weight to give the opinion based on factors that include (1) the length of treatment and frequency of examination, (2) the nature and extent of the treatment relationship, (3) evidentiary support for the opinion, (4) consistency of the opinion with the record as a whole, (5) relevance of the source's medical specialization to the opinion, and (6) any other relevant factors brought to the attention of the ALJ. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see also SSR 96-2p, 1996 WL 374188 at *4. The ALJ is not required to discuss all of these factors. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007); Munson v. Astrue, No. 5:08-CV-110-D(3), 2008 WL 5190490, at *3 (E.D.N.C. Dec. 8, 2008) (unpublished). However, the ALJ must give "good reasons" for the weight assigned to a treating source's opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); SSR 96-2p, 1996 WL 374188, at *5.

The ALJ failed to give "good reasons" for the weight assigned to Dr. Chowdhury's opinion. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The reasons that the ALJ offered—that the claimant is motivated for treatment and responds positively to medication—are not inconsistent with Dr. Chowdhury's opinion. In fact, Dr. Chowdhury's opinion is one basis for the ALJ's conclusion that Ware responds to medication. Tr. 17; see id. 379. The Commissioner argues that the ALJ concluded that Ware's symptoms were "'reasonably controlled by medication'" and therefore "'not disabling.'" Def.'s Mem. Supp. Mot. J. [D.E. 22] 12 (quoting Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986)). But the ALJ did not say that Ware's symptoms were "controlled" by medication, and neither did Dr. Chowdhury. Although Dr. Chowdhury indicated Ware "started

4

responding to meds recently," Tr. 379, and her response to medication was "better," id. 391, Dr. Chowdhury also stated that Ware's prognosis was "poor," id. 380, and that she was not "capable of working 8 hours a day, 5 days per week." Id. 388. Moreover, Ware's motivation for further treatment seems nearly irrelevant to the weight to give to Dr. Chowdhury's opinion, given that the severity of impairment may motivate her to seek treatment.

The Commissioner cites portions of the record that could support the ALJ's decision to deny controlling weight to Dr. Chowdhury's opinion, including possible inconsistencies between that opinion and opinions from other sources, possible internal inconsistencies within Dr. Chowdhury's opinions, and conflicting information provided by medical consultants. Def.'s Mem. Supp. Mot. J. 12–14. The Commissioner's argument has some force. However, "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). The court cannot supplement the ALJ's explanation with the Commissioner's legal arguments in this court. Hilton v. Astrue, C/A No. 6:10-2012-CMC, 2011 WL 5869704, at *3 n.3 (D.S.C. Nov. 21, 2011) (unpublished). In sum, substantial evidence does not support the ALJ's decision to grant "little weight" to Dr. Chowdhury's opinion with respect to the severity of Ware's impairment.

On remand, the ALJ also should reconsider the statement at step three that "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." Tr. 12–13; see 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04 (listing criteria for affective disorders). The ALJ correctly noted that the listing for affective disorders requires mental impairment resulting in at least two of "[m]arked restriction of activities of daily living," "[m]arked difficulties in maintaining social functioning," "[m]arked difficulties in maintaining concentration, persistence, or pace," and "[r]epeated [extended] episodes of decompensation." Id. § 12.04(B). Dr. Chowdhury, however, indicated that Ware has "marked" difficulties both in maintaining social

5

functioning and in maintaining concentration, persistence, or pace, Tr. 383, which suggests that Ware would satisfy the severity requirements of section 12.04 if the ALJ adopted Dr. Chowdhury's opinion. It is unclear whether the ALJ considered Dr. Chowdhury's opinion in analyzing the section 12.04 criteria.

Again, the Commissioner offers reasons why the ALJ could have rejected Dr. Chowdhury's conclusions. Def.'s Mem. Supp. Mot. J. 18–19. Although the ALJ's decision must be considered as a whole, the ALJ's reasons for giving little weight to Dr. Chowdhury's opinion with respect to Ware's RFC do not explain why the ALJ failed to discuss Dr. Chowdhury's opinion regarding the section 12.04 criteria. On remand, the ALJ needs to explain Dr. Chowdhury's opinion vis-a-vis section 12.04.

Second, Ware argues that the ALJ erred in assessing her credibility. Pl.'s Mem. Supp. Mot. J. 10–11. The ALJ determines disability caused by pain or other symptoms by a two-step process. Craig, 76 F.3d at 594; see SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). First, the ALJ must find "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (quotations and emphasis omitted). If such evidence is found, the ALJ must then evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which [they] affect[] her ability to work." Id. at 595. Among other factors, when evaluating the claimant's credibility the ALJ should consider all evidence in the record, including "[d]iagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists." SSR 96-7p, 1996 WL 374186, at *5. After considering the relevant evidence, the ALJ must determine the claimant's credibility and the determination "must contain specific reasons" that "make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." Id. at *4.

6

In light of the remand, the court need not resolve Ware's argument that the ALJ erred in assessing her credibility. On remand, the ALJ should evaluate the opinion of Dr. Chowdhury in accordance with SSR 96-2p and explain the weight accorded to that opinion at step three and any subsequent step. Also, the ALJ should consider Ware's credibility in light of the weight the ALJ assigns to Dr. Chowdhury's opinion and give specific reasons for the credibility determination in accordance with SSR 96-7p.

III.

In sum, the court GRANTS Ware's motion for judgment on the pleadings [D.E. 15] and DENIES the Commissioner's motion for judgment on the pleadings [D.E. 21]. The case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

SO ORDERED. This 20 day of December 2012.

JAMES C. DEVER III
Chief United States District Judge